**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MYRIAM RESTREPO HERNANDEZ,** Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| **Plaintiff,** | § § | **Civil Action No.** |
| v. | § § | **5:17-CV-0284** |
| **RESOURCE CORPORATION OF AMERICA & RECOVERY OF TEXAS, LLC, d/b/a RCA, RESOURCE CORPORATION OF AMERICA,** | § § § § § § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Myriam Restrepo Hernandez ("Named Plaintiff" or "Plaintiff") on behalf of herself and all others similarly situated ("Class Members" herein) (Named Plaintiffs and Class Members are collectively referred to herein as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, she respectfully shows as follows:

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). In order to achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed."

*Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant has violated the FLSA by failing to pay its Social Security Disability & Medicaid Specialist Leads and its Patient Support Representatives (collectively "PSRs") in accordance with the guarantees and protections of the FLSA. Specifically, Defendant has failed and refused to pay its PSRs at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendant's compensation policies, Named Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Named Plaintiff Myriam Restrepo Hernandez is an individual who resides in Bexar County, Texas. She was employed by Defendant within the meaning of the FLSA from January 7, 2009 until June 30, 2016. Named Plaintiff Myriam Restrepo Hernandez has consented to be a party-plaintiff to this action, as indicated in her consent form, which is attached hereto as "Exhibit A."

4. The Named Plaintiff and Class Members are Defendant's current and former Social Security Disability & Medicaid Specialist Leads and Patient Support Representatives (collectively "PSRs") who worked as such for Defendant in the United States of America.

5. Resource Corporation of American and Recovery of Texas, LLC. is a Texas limited liability company that is currently authorized to do business in Texas, and that is doing business in Texas. It operates under the assumed names of Resource Corporation of America, RCA, and Resource Corporation. Its principal office is located in Clear Lake, Texas. Its registered agent for service of process is Lawrence Rothenberg, 9525 Katy Freeway, Suite 300 Houston, Texas 77024. It has

done and continues to do business in the San Antonio Division of the United States District Court for the Western District of Texas.

### III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction in this case because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

7. Venue is proper in the San Antonio Division of the United States District Court for the Western District of Texas. Plaintiff Restrepo Hernandez was an employee of Defendant, and performed work for Defendant, in San Antonio, Texas from on or around December 1, 2015 until on or around June 30, 2016. Defendant is subject to this Court's personal jurisdiction with respect to this civil action. Defendant thus resides in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b)(1).

### IV. COVERAGE UNDER THE FLSA

8. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29

U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

13. Defendant Resource Corporation of America contracts with hospitals throughout the United States to provide billing services on their behalf. Specifically, for purposes of this action, Defendant acts as the billing agent of its contractor hospitals for purposes of obtaining third party reimbursements for medical services rendered to the hospitals' patients.

14. Named Plaintiff worked for Defendant from January 7, 2009 until June 30, 2016. From January 7, 2009, Named Plaintiff worked in Defendant's location in the Gordon Hospital in Calhoun, Georgia; and she later worked for defendant in another hospital in Atlanta. In or around November of 2014, Named Plaintiff accepted a voluntary transfer to Hendrick Medical Center in Abilene, Texas. Effective on or around December 1, 2015 Named Plaintiff was transferred to San Antonio, Texas, where she continued her employment with, and worked for, Defendant until on or around June 30, 2016.

15. In her position as Social Security Disability & Medicaid Specialist Lead, Named Plaintiff performed the duties of Patient Support Representative. As such, she was responsible for, among other things, completing documents and forms in order to obtain third-party reimbursement for healthcare services rendered to Hendrick Medical Center's patients.

16. For all times relevant to this action, Named Plaintiffs and Class Members were employees who were not exempt from the protections of the FLSA, and thus entitled to receive overtime compensation at a rate not less than one-and-one-half their regular rates of pay for all work hours in excess of 40 in a workweek.

17. Defendant paid Named Plaintiff and Class Members an hourly wage for the work they performed from Monday to Friday. More specifically, for all work they performed from Monday through Friday during each workweek, Defendant paid Named Plaintiff and Class Members their hourly wage for all work performed up to 40 hours. In addition, Defendant paid Named Plaintiff an overtime rate of one-and-one-half her regular rate of pay for hours worked over 40, but only for work she performed Monday through Friday.

18. However, Named Plaintiff and Class Members also routinely performed work on Saturdays. Named Plaintiff and Class Members performed the same or similar work on Saturdays that they performed Monday through Friday. Named Plaintiff and Class Members routinely performed work on Saturday during overtime hours. Nevertheless, Defendant failed and refused to properly pay Named Plaintiff and Class Members for overtime hours that they worked on Saturdays.

19. While Defendant paid Named Plaintiff and Class Members an hourly wage for their work performed Monday through Friday, Defendant paid Named Plaintiff and Class Members only a lump sum amount for all work performed on Saturdays, without regard to their overtime hours. That is, it was often the case that, by the time Plaintiff and Class Members were performing work

for Defendant on Saturdays, they had already performed at least 40 hours of work for Defendant. Defendant, however, failed and refused to pay Named Plaintiff and Class Members at the rate of one-and-one-half their regular rates of pay for overtime work performed on Saturdays.

20. Defendant's practice of paying Named Plaintiff and Class Members a lump sum for Saturday work without regard to their overtime hours violates the FLSA. *See, e.g.,* 29 C.F.R. §778.310 ("A premium in the form of a lump sum which is paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium even though the amount of money may be equal to or greater than the sum owed on a per hour basis.")

21. Defendant has employed and is employing other individuals as PSRs who have performed the same job duties under the same pay provisions as Plaintiff Restrepo Hernandez, in that they have performed, or are performing, the same job duties, have consistently worked in excess of forty hours in a workweek and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay for work they have performed on Saturdays.

22. Defendant has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay overtime compensation to Named Plaintiff and the Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

23. Named Plaintiff and the Class Members have performed, and are performing, the same or similar job duties as one another in that they worked as, and performed the duties of PSRs in Defendant's locations in Texas and throughout the United States. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were all paid an hourly wage plus, as applicable, an overtime premium for all hours worked from Monday through Friday; and they

were paid a single lump sum without regard to their overtime hours for work performed on Saturdays. Moreover, Named Plaintiff and Class Members consistently worked in excess of forty (40) hours in a workweek. Thus, the Class Members are owed unpaid overtime for the same reasons as Named Plaintiff, without regard to their individualized circumstances.

24. Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying only one lump sum without regard to the number of overtime hours for work performed on Saturdays. This policy or practice is and has been, at all relevant times, applicable to the Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Plaintiff also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former individuals who worked as Medicaid and Social Security Disability Leads and/or Patient Support Representatives for the past three years who were not paid at the rate of at least one-and-one-half of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.**

### VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25. During the relevant period, Defendant has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rates for

which they were employed. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Plaintiff prays for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b. For an Order awarding Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

d. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

MORELAND LAW FIRM, P.C.
13590 Ranch Road 12
Wimberley, Texas 78676
Telephone: (512) 782-0567
Telecopier: (512) 782-0605
www.morelandlaw.com


By: */s/ Edmond S. Moreland, Jr.*
    **EDMOND S. MORELAND, JR.**
    State Bar No. 24002644
    edmond@morelandlaw.com



The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Telephone:   512/328-9099
Facsimile:    512/328-4132
Email:  jjudge@jkplaw.com


By: _____
    John Judge
    State Bar No. 11044500

    **ATTORNEYS FOR PLAINTIFF**